## STALLINGS *v.* THOMAS.

Decided January 16, 1892.

1. *Mortgage—Substitution of trustee.*

The power to substitute a trustee in a mortgage is governed by the terms of the instrument; where it provides for a substitution if the trustee fails to act, no occasion for exercise of that power can arise until the trustee fails to act within a reasonable time after being requested to do so.

2. *Void sale—Right of Mortgagee.*

Where a mortgagee purchases the mortgaged property at a void sale under the power contained in the mortgage, and goes into possession, his rights. are those of a mortgagee in possession after default.

APPEAL from *Prairie* Circuit Court in chancery, southern district.

MATTHEW T. SANDERS, Judge.

Thomas brought this suit against Stallings, Matthews & Co., to redeem lands in their possession from a mortgage, and to obtain an accounting of rents.

The facts were that in 1883 Thomas conveyed the land to Littlejohn in trust to secure a debt to Isaac Gates & Bro.. Afterwards the latter assigned the debt and mortgage to Stallings, Matthews & Co. The deed contained this clause :.

"And it is agreed that, if from any cause the said trustee

should die or be absent from the county, or should he fail or refuse to carry out or enforce the provisions of this conveyance, then said Isaac Gates & Bro., *the beneficiaries named herein*, may in writing appoint a trustee, who, when so appointed, shall have all the power and authority as trustee, as though he was originally named as trustee hereto."

Upon default in payment of the debt, Stallings, Matthews & Co., without requesting Littlejohn to act though he was in the county, appointed one Blankenship trustee to sell the property, and at the sale became the purchasers. Under the purchase they entered into possession and subsequently leased the property.

Upon the hearing the court held the foreclosure sale to be valid, but decreed that plaintiff was entitled to redeem, upon grounds not discussed in the opinion, and to an accounting of rents. Both parties have appealed.

*J. E. Gatewood* for appellants.

*Geo. Sibley* for appellee.

Appellants had no right to substitute a trustee, according to the terms of the trust deed. 8 S. W. Rep., 523; 2 Perry on Trusts, sec. 495.

HEMINGWAY, J.   The right to foreclose a mortgage at private sale is derived from the power conferred by the mortgagor, and, independent of it, does not exist.   The instrument creating such a power determines its extent, as well as the manner and conditions of its exercise ; and those relying upon such a sale must show that it was made in obedience to the power.   The power relied upon as authority for the sale in this case was contained in the mortgage ; it authorized George O. Littlejohn, the party therein named as trustee, to sell in case of default; and also provided that the beneficiary therein named might substitute another to execute the power in case Littlejohn should die, be absent from the county, or fail or refuse to execute it.   By the terms of the power, Littlejohn, and no other, could execute it, except in the contingency stated, when the beneficiary

1. Power o mortgagee to substitute trustee.

therein named was given the power to substitute another. But the right of substitution never existed in this case, for the contingency never arose upon which it depended. Littlejohn was alive and in the county at the time of the sale; he was not requested to execute the power, and did not refuse or fail to do it, unless such failure is implied from his non-action.

But the word "fail" implies delinquency as well as non-action; and this could not be ascribed to him unless he ought to have acted. The parties never contemplated that he would act without a request to do it, and the terms of the provision did not make it his duty. He did not fail, within the meaning of the instrument, to sell unless he ought to have sold, and it cannot be said that he ought to have sold unless he was asked to do it and after a reasonable time had not done it.

Having concluded that the substitution was unauthorized, we hold that the sale was void. This makes it unnecessary to determine whether the right of substitution passed by assignment from the beneficiaries named in the mortgage or existed only in them. As the beneficiary who made the substitution purchased at the sale, we are not called to decide how far it was the duty of the mortgagor to give notice of the infirmity in the authority of the person assuming to sell; the purchaser knew the facts as well as the mortgagor, and was not misled by his inaction to believe that the contingency had arisen to justify a substitution.

2. Right of mortgagee in possession under void sale. The sale being void, the attitude of the mortgagees toward the property was in law unchanged; they went into possession, but it was after default when they were entitled to possession as mortgagees. Those entering under them were in law their tenants, and the fact that they held by another is immaterial. The rights of the parties are therefore to be determined by the law regulating the rights and duties of a mortgagee in possession.

[Directions for decree omitted.—Rep.]

The court erred in holding that the sale was valid. The judgment is reversed.