Eddie BUIE *v.* CERTAIN UNDERWRITERS at
LLOYDS of LONDON; UnionAmerica Insurance Company;
Copenhagen Reinsurance Co. (UK), Ltd.;
Zurich Reinsurance Co. (London), Ltd.

CA 01-1360 87 S.W.3d 832

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered October 30, 2002

[Petition for rehearing denied December 4, 2002.]

*Mark B. Chadick*, for appellant.

*The Hustead Law Firm, A Professional Corporation*, by: *Patrick Q. Hustead*; and *Eilbott Law Firm*, by: *Don Eilbott*, for appellees.

KAREN R. BAKER, Judge. This appeal arises from a grant of summary judgment deciding a contract dispute between an insured and his insurer. Appellant Eddie Buie filed suit against his insurer, appellees, for breach of contract based on its failure to pay on a fire-loss claim. The circuit court granted summary judgment in favor of appellees finding that appellant had made material misrepresentations in applying for the policy issued by appellees, in continuing the policy, and in making a claim under the policy. The court further found that appellees had properly rescinded the insurance policy. On appeal, appellant argues that the trial court erred in finding as a matter of law that appellant's insurance policy with appellees was properly rescinded such that there was no coverage for appellant's fire loss. We hold

that summary judgment in this case is not appropriate, and accordingly, we reverse and remand.

It is difficult to set forth a concise statement of facts in this case because of numerous factual disputes. However, the appellant, Eddie Buie, owned a convenience store, University One Stop. On December 3, 1997, the business was damaged by fire. Appellant reported the loss, but was subsequently informed that the insurance policy had been rescinded based on a provision in the policy which provided that the policy was void if the insured concealed or misrepresented a material fact. Appellees alleged, as the basis for invoking this provision, that appellant had failed to disclose a prior fire loss.

Appellant filed a complaint against appellees for damages he incurred in the fire. In response, appellees filed an answer and counterclaim. After discovery, appellees filed a motion for summary judgment arguing that the policy was rescinded and void due to a material misrepresentation. Appellant denied the allegations in the motion for summary judgment. The trial court granted the motion for summary judgment, and appellant then filed a motion to reconsider emphasizing that there was a material dispute as to several facts in the case. Appellees filed a motion to strike the motion to reconsider. The trial court never ruled on the motion to reconsider; thus, it was deemed denied. This appeal from the trial court's granting of appellees' motion for summary judgment followed.

As noted above, this case contains many disputed factual issues. A motion for summary judgment cannot be used to submit a disputed question of fact to a trial judge.[1] *Walker v. Stephens*, 3 Ark. App. 205, 626 S.W.2d 200 (1981) (citing *Griffin v.*

---

[1] The dissent asserts that we rely on facts outside appellees' motion for summary judgment, brief, attached exhibits, and reply. Perhaps, since Mr. Buie's motion to reconsider contained the additional pages of his deposition where he specifically denied there was any discussion regarding fire or fire loss, this erroneous assertion is understandable. However, it is unnecessary to rely on facts outside the motion for summary judgment and attachments when it is clear from those pleadings alone that there is a disputed question of fact as to whether a conversation concerning the insurance application or any prior fire loss ever took place.

*Monsanto Co.*, 240 Ark. 420, 400 S.W.2d 492 (1966)). Appellees submitted a motion for summary judgment to the trial court. This motion included a section entitled "Undisputed Facts." Paragraph 5 asserts the following as an undisputed fact: "Plaintiff did not disclose the prior loss to Dale Dixon, the agent from whom Plaintiff purchased the insurance." Appellees cites the court to Exhibit B, which is a copy of the insurance application that had the box "no" checked in response to two questions regarding prior fire loss. Appellees also cites the court to Exhibit A, which is an excerpt from Dale Dixon's deposition, and the cited lines contain Mr. Dixon's representation that he was the person who checked "no" to the questions on the application regarding prior loss. He claimed that he checked the boxes based upon Mr. Buie's answers over the phone to his questions on the application.

This same motion also contained an excerpt from Eddie Buie's deposition. Mr. Buie stated that he had no knowledge concerning an application. Specifically, he said, "[I]t never dawned on me that I had to fill out an application." Furthermore, in response to the question, "Well, you knew Dale Dixon was coming to the store with an application, didn't you?", Mr. Buie replied, "No. He said, 'I'll come out there and take care of you.'"

We agree from the motion as presented that it is undisputed that Mr. Buie did not disclose the prior fire loss.[2] However, the two factual circumstances presented in the supporting exhibits regarding the nondisclosure are irreconcilable. Mr. Dixon claims that Mr. Buie lied in response to specific questions on the insurance application. Mr. Buie claims a conversation concerning the application never happened.

 In granting appellees' motion for summary judgment, the court found that appellant had "falsely answered no to both

---

[2] The true issue in controversy is whether appellant was ever asked about a prior fire loss. It is evident from the appellees' own motion for summary judgment, brief, attached exhibits, and reply that this issue is disputed. That it was inappropriate for appellees' attorney to present nondisclosure of the prior fire loss as an undisputed fact, would be even more obvious were we to look to the pages of Mr. Buie's deposition, excluded from appellees' motion for summary judgment and its attachments, wherein Mr. Buie specifically stated, "We never talked about fire or fire loss. We only talked about the lien."

questions in the insurance application." In the portion of Mr. Dixon's deposition that was attached to the summary-judgment motion, he stated that he was the one who actually filled out the application. Not only did Mr. Buie not fill out the application, he did not sign the application, and he denies that he was aware that an application existed. The application, which was included in appellee's own exhibits, was signed by Mildred Brown. Mr. Buie was in Chicago when Ms. Brown signed the application. Thus, it is clear from appellees' own exhibits that a material question of fact existed as to agency, which is fatal to the summary-judgment motion. In *MDH Builders v. Nabholz Const. Corp.*, 70 Ark. App. 284, 17 S.W.3d 97 (2000) (citing *Hot Stuff, Inc. v. Kinko's Graphic Corp.*, 50 Ark. App. 56, 901 S.W.2d 854 (1995)), we held that whether an agent is acting within the scope of his apparent or actual authority is a question of fact.

Summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable men might differ. *Walker v. Stephens*, 3 Ark. App. 205, 626 S.W.2d 200 (1981) (citing *Hendricks v. Burton*, 1 Ark. App. 159, 613 S.W.2d 609 (1981); *Dodrill v. Arkansas Democrat Co.*, 265 Ark. 628, 590 S.W.2d 840 (1979); *Braswell v. Gehl*, 263 Ark. 706, 567 S.W.2d 113 (1978)). The object of summary judgment proceedings is not to try the issues, but to determine if there are any issues to be tried, and if there is any doubt whatsoever the motion should be denied. *Id.* (citing *Trace X Chemical, Inc. v. Highland Resources, Inc.*, 265 Ark. 468, 579 S.W.2d 89 (1979); *Ashley v. Eisele*, 247 Ark. 281, 445 S.W.2d 76 (1969). The trial court concluded that Mr. Buie falsely answered no to the questions on the application regarding prior fire loss. The trial court's finding is consistent with Mr. Dixon's deposition testimony. However, the trial court's finding directly contradicts Mr. Buie's deposition testimony, also attached to the summary-judgment motion.

In considering Mr. Buie's testimony, a finding that he answered falsely would be impossible because his testimony is that he not only never answered any questions regarding a fire loss, but that he was completely unaware of an application containing the

questions at issue. The trial court's finding required a credibility determination, and that is inappropriate for a summary judgment.

■ Our supreme court has stated that we only approve the granting of the motion when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admissions on file *is such that the nonmoving party is not entitled to a day in court, i.e.,* when there is not any genuine remaining issue of material fact and the moving party is entitled to judgment as a matter of law. *Wallace v. Broyles*, 332 Ark. 189, 961 S.W.2d 712 (1998) (emphasis added). Neither Arkansas Rule of Civil Procedure 12 nor Rule 56 authorizes the trial court to summarily dismiss a complaint where there are matters before the court that show there is an issue of fact to be decided. *Maas v. Merrell Assoc., Inc.,* 13 Ark. App. 240, 682 S.W.2d 769 (1985).

■ In summary-judgment cases, we need only decide if the grant of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *National Union Fire Ins. Co. v. Fitzhugh*, 76 Ark. App. 313, 59 S.W.3d 432 (2002) (citing *Inge v. Walker*, 70 Ark. App. 114, 15 S.W.3d 348 (2000)). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Id.* All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *National Union Fire Ins. Co., supra.* We hold that there were material questions of fact left unanswered in this case.

Appellees also argue that appellant failed to rebut the evidence of the oral misrepresentation; thus, the granting of the motion for summary judgment was proper. However, in this case, the trial court's order granting appellees' motion for summary judgment does not mention an oral misrepresentation. Instead, the order was based on the finding that two questions on the insurance application were answered falsely.

Arkansas Rule of Civil Procedure 56(e) states that, " When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allega-

tions or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Appellee also argues that appellant failed to meet proof with proof and demonstrate the existence of a genuine issue of material fact. However, Rule 56(e) further states, "If he does not so respond, summary judgment, *if appropriate*, shall be entered against him." (emphasis added).

■ Resolving all doubts against the moving party, we find that questions of material of fact were left unanswered. Summary judgment inappropriate in this case, and the trial court erred in granting appellees' motion for summary judgment.

Reversed and remanded.

HART, ROBBINS, and CRABTREE, JJ., agree.

PITTMAN and VAUGHT, JJ., dissent.

JOHN MAUZY PITTMAN, Judge, dissenting. The majority opinion turns on facts contained in a posttrial motion from which no appeal was filed. Those facts are not properly before us, and the majority's erroneous consideration of them has led it to an erroneous result.

This is an appeal from a summary judgment entered in favor of an insurance company with regard to the recission of a fire-insurance policy. The trial court ruled that the insurance company properly rescinded the policy in accordance with a provision stating that the policy was void if the insured concealed or misrepresented a material fact. The attachments to the summary-judgment motion presented the trial court with evidence that, in a conversation prior to issuance of the policy, the insurance agent specifically asked the insured whether the insured had ever had a prior fire loss, and that the insured told the insurance agent that he had not. There was also evidence that this was untrue, and that the insured had indeed had a prior fire loss that he failed to disclose.

When a motion for summary judgment is made and supported as provided in Ark. R. Civ. P. 56(e), an adverse party may not rest upon the mere allegations or denials of his pleadings, but

must set forth specific facts showing that there is a genuine issue for trial. *Smith v. Rogers Group, Inc.*, 348 Ark. 241, 72 S.W.3d 450 (2002). None of the evidence mentioned above was rebutted in the insured's response to the motion for summary judgment.

The majority has identified a number of factual issues that were not resolved. While I generally agree that these issues have not been resolved, I believe that their unresolved status is irrelevant because none of the unresolved issues are *material* because they would not change the outcome, were not properly preserved for appeal, or both.

There are, for example, factual questions concerning the agency status of the person who signed the initial application. These questions, however, are immaterial in light of the unrebutted evidence of a prior *oral* representation by the insured himself. This oral misrepresentation is clearly sufficient to render the policy void under the broad language of the misrepresentation clause. This alone is sufficient to sustain the summary judgment; any subsequent misrepresentations in the application are immaterial, so we need not be concerned with the agency status of the person who made them.

The majority opinion hinges on its conclusion that the evidence of oral misrepresentation was in fact rebutted, and that the questions regarding the application are therefore material.[1] This conclusion is based on consideration of facts that are not properly before us. Although it is true that the insured did eventually offer evidence refuting the evidence of oral misrepresentation, he did not do so in his response to the motion for summary judgment.

---

[1] The majority opinion observes that the trial court's order granting the motion for summary judgment does not mention the oral misrepresentation. This is accurate but irrelevant. The question before us is whether the evidentiary items presented by the moving party left a material question of fact unanswered, not whether the trial court employed a correct analysis in arriving at the conclusion it reached below. It is established beyond possibility of dispute that we will affirm a ruling of the trial court, including a grant of summary judgment, where the trial court reached the correct result for the wrong reason. *See, e.g., Dunn v. Westbrook*, 334 Ark. 83, 971 S.W.2d 252 (1998); *Calcagno v. Shelter Mutual Insurance Co.*, 330 Ark. 802, 957 S.W.2d 700 (1997); *Bushong v. Garman Co.*, 311 Ark. 228, 843 S.W.2d 807 (1992); *American Investors Life Ins. Co. v. Butler*, 76 Ark. App. 355, 65 S.W.3d 472 (2002).

Instead, after the summary judgment had been granted, the insured refuted the oral misrepresentation *for the first time* in the context of a motion to reconsider. However, *appellant did not appeal from the denial of the motion to reconsider.* His notice of appeal was filed prior to the expiration of the time allowed to the trial court to rule on the motion, *see* Ark. R. Civ. P. 4(b)(2),[2] *and* that notice of appeal states on its face that the appeal is taken only from the summary judgment proper. *See Arkansas Department of Human Services v. Shipman,* 25 Ark. App. 247, 756 S.W.2d 930 (1988) (notice of appeal must be judged by what it recites and not what it intends to recite; it must state the order appealed from with specificity, and orders not mentioned in it are not properly before the appellate court). Consequently, the motion to reconsider is not properly before us and we should not consider evidence offered in support of it; the only relevant question for us to decide is whether the summary judgment was properly granted on the basis of the materials that had been provided to the trial judge at the time of his ruling. The answer to this question is affirmative, and we should therefore affirm the order granting summary judgment.

In a footnote, the majority asserts that it is not necessary to have recourse to the materials presented in the motion to reconsider because it "is evident from appellee's own motion for summary judgment, brief, attached exhibits, and reply that" there was a factual dispute as to whether appellant was ever asked about a prior fire loss. However, besides referring to the appellant's denial of an oral misrepresentation for the first time in his motion to reconsider (which the majority says it does not consider), all that the majority points to in order to show that a material question of fact regarding the oral misrepresentation was in fact presented in the attachments to the original motion is a statement in appellant's

---

[2] The majority appears to assume that the "motion to reconsider" in this case was a motion for a new trial. It is, however, unclear whether appellant's posttrial motion was a motion for a new trial under Ark. R. Civ. P. Rule 59(b) or a motion for relief under Ark. R. Civ. P. 60(a). The distinction is important, generally, because the manner in which one perfects his appeal will depend upon which kind of posttrial motion he has filed. It is unimportant in the present case, however, because he simply failed to appeal from any action, deemed denied or otherwise, on his posttrial motion. He filed one notice of appeal — after the judgment but less than thirty days after the motion was filed. Moreover, the notice that was filed specified that the appeal was only from the judgment proper.

deposition to the effect that appellant did not know that he was expected, after the interview, to subsequently fill out a written application. This fact quite clearly has no bearing whatsoever on the question of whether appellant made an oral misrepresentation concerning a prior fire loss in the interview itself. Finally, even were one to accept that the majority's decision is in fact based on its conclusion that a genuine issue of material fact concerning oral misrepresentation was presented in those portions of appellant's deposition that were attached to the original motion, it should be noted that this issue was not argued by appellant on appeal. Appellant's arguments are clearly stated in his brief: first, he asserts that a fact question as to the oral misrepresentation was raised *in the attachments to the motion to reconsider* and, second, he asserts that, in reviewing the original motion for summary judgment, we should consider the entirety of his deposition, and not merely those portions that were attached as an exhibit to appellee's motion for summary judgment. The majority does neither, but instead bases its reversal on an argument not raised by the parties. Although we may affirm a correct result for any reason, *see Dunn v. Westbrook, supra,* "[n]o citation of authority is necessary in saying that, aside from jurisdiction, we do not reverse cases on theories not presented by appellant to . . . this court." *Arkansas Kraft Corp. v. Johnson,* 257 Ark. 629, 519 S.W.2d 74 (1975).

The majority has gone outside the pertinent record to reverse. It has, in fact, not actually reversed the grant of summary judgment, but has instead, *sub silentio,* reversed the denial of the motion to reconsider that was never appealed from. Worse, the majority does not do so by holding that the trial court abused its discretion in denying the motion to reconsider, which most likely would be the question for us to decide were that issue actually before us, but instead applies to this question the quite different standard applicable to review of the grant of a summary judgment. I cannot agree with the result obtained by application of such flawed methodology, and I respectfully dissent.

VAUGHT, J., joins in this dissent.