

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-12-1064

| | |
|---|---|
| ERIC ANDERSON and TAMA ANDERSON | **Opinion Delivered** October 2, 2013 |
| APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION |
| V. | [NO. CV-2010-6701] |
| CITIMORTGAGE, INC. | HONORABLE JAY MOODY, JUDGE |
| APPELLEE | APPEAL DISMISSED |

## ROBIN F. WYNNE, Judge

Eric and Tama Anderson bring this appeal from an order granting summary judgment and dismissing their claims against appellee Citimortgage, Inc. However, we cannot reach the merits of the appeal for lack of a final, appealable order. We must, therefore, dismiss the appeal.

In 2001, the Andersons purchased a home on which Citimortgage's predecessor in interest, First Nationwide Mortgage Corporation, held a mortgage. The face amount of the mortgage and the note it secured was $186,200. In March 2003, First Nationwide merged with Citimortgage, and Citimortgage began accepting payments on the Andersons' mortgage.

The Andersons filed a Chapter 13 bankruptcy in February 2004 in order to retain possession of their home. Citimortgage was listed as a secured creditor. In 2008, Citimortgage notified the Andersons that it had not received payment from the bankruptcy trustee.

SLIP OPINION

In May 2009, the bankruptcy trustee filed a motion to dismiss the Andersons' bankruptcy case, asserting that based on the claim filed and allowed, payments made into the plan to date, and currently scheduled plan payments, the plan would not be completed within sixty months from the effective date of the plan; and that the Andersons were in material default with respect to the terms of the plan. An order dismissing the bankruptcy case was entered on August 7, 2009.

In October 2009, Citimortgage, after reviewing information provided for that purpose, determined that the Andersons did not qualify for a loan modification. Further discussions resulted in the approval of a December 2009 trial payment plan with monthly trial payments of $1,400 from January 1 through March 1, 2010. At the conclusion of the December 2009 plan, the loan was reviewed for a potential modification, but denied as not meeting the requisite criteria.

In October 2010, a statutory foreclosure was commenced, and the Andersons received a Notice of Default and Intent to Sell from Wilson & Associates. The notice stated that Wilson & Associates would conduct the sale on November 30, 2010.

On November 24, 2010, the Andersons filed the present action against Citimortgage, Wilson & Associates, PLLC, and Bank of America. The complaint asserted that Citimortgage persuaded Tama Anderson to dismiss her bankruptcy, promising to modify her loan and accept $13,000 to reinstate the mortgage; that Anderson dismissed her bankruptcy and tendered the above sum; and that Citimortgage then informed Anderson of additional fees and costs and did not modify the loan. The Andersons sought a temporary restraining order

SLIP OPINION

to enjoin any sale of the house; an accounting for all charges and payments; and damages for breach of contract, breach of fiduciary duty, fraud, and violation of the Arkansas Deceptive Trade Practices Act. They sought further relief in the form of having the security interest, mortgage, debt, and/or note voided, reinstatement of their mortgage, and punitive damages.

On November 29, 2010, an ex parte temporary restraining order was granted that prohibited the defendants from conducting, instituting, or maintaining any foreclosure action against the Andersons. The parties later agreed to the entry of an order extending the temporary restraining order. The Andersons were to remit their monthly mortgage payment into the registry of the court.

Citimortgage filed an answer stating that it was seeking to proceed under the statutory foreclosure act. After setting forth its version of events, Citimortgage also asserted that the Andersons were not entitled to have the security interest, mortgage, debt, and/or note voided. The answer also asserted certain affirmative defenses and requested the complaint be dismissed.

Citimortgage later filed its motion for summary judgment and accompanying brief, to which the Andersons responded. Included with the response was a ten-page affidavit from Tama Anderson outlining her version of the events and her conversations with various Citimortgage employees.

Following a hearing, the circuit court ruled from the bench and granted the motion for summary judgment. The order memorializing that ruling was entered on August 14, 2012, and dismissed the Andersons' complaint in its entirety, with prejudice.

On August 23, 2012, the Andersons filed a motion for amendment of findings. The motion sought to have the circuit court set forth its reasoning for concluding that there were no issues of material fact as to any of the Andersons' causes of action. The Andersons filed their notice of appeal from the summary judgment on September 12, 2012. The circuit court took no action on the Andersons' motion for amended findings, and it was deemed denied as of September 24, 2012.[1] They filed another notice of appeal on October 22, 2012, appealing from the deemed denial of their motion for findings.

The question of whether an order is final and subject to appeal is a jurisdictional question, which we will raise on our own even if the parties do not. *Deer/Mt. Judea Sch. Dist. v. Beebe*, 2012 Ark. 93; *Splawn v. Wade*, 2013 Ark. App. 187, ___ S.W.3d ___.

The issue of finality arises because the Andersons filed suit against Citimortgage; its attorneys, Wilson & Associates; and Bank of America. Bank of America was dismissed as a party by an order entered on February 1, 2011. Although Wilson & Associates's name appears as a defendant in the caption of the complaint, there is no order in the record dismissing the firm. Nor does the order contain a Rule 54(b) certificate. Thus, the claims against Wilson & Associates remain pending. *See Shackelford v. Ark. Power & Light*, 334 Ark. 634, 976 S.W.2d 950 (1998).

---

[1]The thirtieth day after the filing of the motion fell on Saturday, September 22, 2012. However, the time for the Andersons to file their notice of appeal did not begin to run until the following Monday, September 24. *See* Ark. R. App. P.–Civ. 9; Ark. R. Civ. P. 6(a); *Jasper v. Johnny's Pizza*, 305 Ark. 318, 807 S.W.2d 664 (1991).

SLIP OPINION

In addition, Wilson & Associates filed an answer on its own behalf. This precludes the use of the provisions of Ark. R. Civ. P. 54(b)(5) as a means of achieving finality.[2]

Without a final order or a sufficient Rule 54(b) certificate, we do not have jurisdiction to hear this case and must dismiss this appeal without prejudice.

Appeal dismissed.

HARRISON and BROWN, JJ., agree.

*Owings Law Firm*, by: *Steven A. Owings* and *Alexander P. Owings*, for appellants.

*Wilson & Associates, PLLC*, by: *Samuel S. High*, for appellee.

---

[2]Rule 54(b)(5) provides that "[a]ny claim against a named but unserved defendant, including a 'John Doe' defendant, is dismissed by the circuit court's final judgment or decree."