SLIP OPINION

Cite as 2014 Ark. App. 683

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-348

| | |
|---|---|
| ERIC ANDERSON and TAMA ANDERSON | **Opinion Delivered** December 3, 2014 |
| APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION |
| V. | [NO. CV-2010-6701] |
| CITIMORTGAGE, INC. | HONORABLE JAY MOODY, JUDGE |
| APPELLEE | AFFIRMED |

## RITA W. GRUBER, Judge

For the second time, Eric and Tama Anderson appeal from an order of the Pulaski

County Circuit Court granting summary judgment and dismissing their claims against

appellee CitiMortgage, Inc. We dismissed their first appeal for lack of a final, appealable

order. *Anderson v. CitiMortgage, Inc.*, 2013 Ark. App. 545 (*Anderson I*). Following remand, the

circuit court entered a final order. We now consider the merits of the appeal and affirm the

grant of summary judgment.

In *Anderson I*, we set forth the following background:

> In 2001, the Andersons purchased a home on which Citimortgage's
> predecessor in interest, First Nationwide Mortgage Corporation, held a mortgage.
> The face amount of the mortgage and the note it secured was $186,200. In March
> 2003, First Nationwide merged with Citimortgage, and Citimortgage began accepting
> payments on the Andersons' mortgage.

> The Andersons filed a Chapter 13 bankruptcy in February 2004 in order to
> retain possession of their home. Citimortgage was listed as a secured creditor. In 2008,
> Citimortgage notified the Andersons that it had not received payment from the

bankruptcy trustee.

In May 2009, the bankruptcy trustee filed a motion to dismiss the Andersons' bankruptcy case, asserting that based on the claim filed and allowed, payments made into the plan to date, and currently scheduled plan payments, the plan would not be completed within sixty months from the effective date of the plan; and that the Andersons were in material default with respect to the terms of the plan. An order dismissing the bankruptcy case was entered on August 7, 2009.

In October 2009, Citimortgage, after reviewing information provided for that purpose, determined that the Andersons did not qualify for a loan modification. Further discussions resulted in the approval of a December 2009 trial payment plan with monthly trial payments of $1,400 from January 1 through March 1, 2010. At the conclusion of the December 2009 plan, the loan was reviewed for a potential modification, but denied as not meeting the requisite criteria.

In October 2010, a statutory foreclosure was commenced, and the Andersons received a Notice of Default and Intent to Sell from Wilson & Associates. The notice stated that Wilson & Associates would conduct the sale on November 30, 2010.

On November 24, 2010, the Andersons filed the present action against Citimortgage, Wilson & Associates, PLLC, and Bank of America. The complaint asserted that Citimortgage persuaded Tama Anderson to dismiss her bankruptcy, promising to modify her loan and accept $13,000 to reinstate the mortgage; that Anderson dismissed her bankruptcy and tendered the above sum; and that Citimortgage then informed Anderson of additional fees and costs and did not modify the loan. The Andersons sought a temporary restraining order to enjoin any sale of the house; an accounting for all charges and payments; and damages for breach of contract, breach of fiduciary duty, fraud, and violation of the Arkansas Deceptive Trade Practices Act. They sought further relief in the form of having the security interest, mortgage, debt, and/or note voided, reinstatement of their mortgage, and punitive damages.

On November 29, 2010, an ex parte temporary restraining order was granted that prohibited the defendants from conducting, instituting, or maintaining any foreclosure action against the Andersons. The parties later agreed to the entry of an order extending the temporary restraining order. The Andersons were to remit their monthly mortgage payment into the registry of the court.

Citimortgage filed an answer stating that it was seeking to proceed under the statutory foreclosure act. After setting forth its version of events, Citimortgage also asserted that the Andersons were not entitled to have the security interest, mortgage,

debt, and/or note voided. The answer also asserted certain affirmative defenses and requested the complaint be dismissed.

Citimortgage later filed its motion for summary judgment and accompanying brief, to which the Andersons responded. Included with the response was a ten-page affidavit from Tama Anderson outlining her version of the events and her conversations with various Citimortgage employees.

Following a hearing, the circuit court ruled from the bench and granted the motion for summary judgment. The order memorializing that ruling was entered on August 14, 2012, and dismissed the Andersons' complaint in its entirety, with prejudice.

On August 23, 2012, the Andersons filed a motion for amendment of findings. The motion sought to have the circuit court set forth its reasoning for concluding that there were no issues of material fact as to any of the Andersons' causes of action. . . . The circuit court took no action on the Andersons' motion for amended findings, and it was deemed denied[.]

*Anderson I*, 2013 Ark. App. 545, at 2–4.

On appeal, the Andersons raise two points: that the circuit court erred in determining that no genuine issue of material fact existed and in failing to set out its conclusions of law with specificity.

The Andersons first argue in several subpoints that there are genuine issues of material fact that preclude summary judgment. We disagree. Our supreme court has set forth the following standard of review with regard to motions for summary judgment:

Our standard of review for summary judgment cases is well established. Summary judgment should only be granted when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried. We no longer refer to summary judgment as a drastic remedy and now simply regard it as one of the tools in a trial court's efficiency arsenal. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appellate review, we

3

determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. Moreover, if a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence.

*Harvest Rice, Inc. v. Fritz & Mertice Lehman Elevator & Dryer, Inc.*, 365 Ark. 573, 575–76, 231 S.W.3d 720, 723 (2006) (citations omitted). The standard is whether the evidence is sufficient to raise a fact issue, not whether the evidence is sufficient to compel a conclusion. *Wagner v. Gen. Motors Corp.*, 370 Ark. 268, 258 S.W.3d 749 (2007). A fact issue exists, even if the facts are not in dispute, if the facts may result in differing conclusions as to whether the moving party is entitled to judgment as a matter of law. *Id.* In such an instance, summary judgment is inappropriate. *Id.*

The Andersons' first subpoint is a "show-me-the-note" argument, that CitiMortgage cannot foreclose on their home because it did not produce the original note. They also argue that the public records do not show that CitiMortgage has an interest in either the note or the mortgage. These arguments are based on case law relating to judicial-foreclosure actions that require production of the note. *See McKay v. Capital Res. Co.*, 327 Ark. 737, 940 S.W.2d 869 (1997); *Corn Ins. Agency, Inc. v . First Fed. Bank*, 88 Ark. App. 8, 194 S.W.3d 230 (2004). They have no application to the present case.

The right to foreclose a mortgage at a private sale is derived from the power conferred by the mortgage and does not exist independent of it. *Stallings v. Thomas*, 55 Ark. 326, 327, 18 S.W. 184, 184 (1892). The instrument creating such a power determines its extent, as well

4

SLIP OPINION

as the manner and conditions of its exercise, and those relying upon such a sale must show that it was made in obedience to the power. *Id.* The Arkansas statutes governing foreclosure of property through a private sale do not specifically require that the foreclosing party produce a physical copy of the original promissary note.[1] Most courts that have recently considered the matter have held that production of the original note is not required before commencing a statutory-foreclosure proceeding. *E.g.*, *Hogan v. Wash. Mut. Bank, N.A.*, 277 P.3d 781 (Ariz. 2012); *Debrunner v. Deutsche Bank Nat'l Trust Co.*, 138 Cal. Rptr. 3d 830 (Cal. Ct. App. 2012); *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487 (Minn. 2009); *In re Adams*, 693 S.E.2d 705 (N.C. Ct. App. 2010).[2]

Apart from there being no requirement that it produce the original note, CitiMortgage submitted the affidavit of John Linnenbrink, its business-operations analyst and custodian of records, stating that the original note was in CitiMortgage's possession. In response, the Andersons submitted the affidavit of one of their attorneys stating that he had researched the records concerning the Andersons' property and had attached copies of all records filed as of January 13, 2011.

To the extent that the Andersons argue that CitiMortgage had a duty to record any assignment of the note or mortgage, there is no such duty. As recently stated by a federal court in Arkansas,

---

[1]Ark. Code Ann. §§ 18-50-101 to -117 (Repl. 2003 & Supp. 2013).

[2]Other cases are collected in William Howard, Annotation, *Necessity of Production of Original Note Involved in Mortgage Foreclosure–Twenty-First Century Cases*, 86 A.L.R.6th 411, § 5 (2013).

SLIP OPINION

Arkansas's statutes "do not require assignments to be recorded." *Bryan v. Easton Tire Co.*, 262 Ark. 731, 733, 561 S.W.2d 79, 80 (1978). The rationale is easily understood. In Arkansas, a recorded mortgage provides constructive notice to subsequent purchasers that the subject property is encumbered by the mortgage. Ark. Code Ann. § 14-15-404(a) (West 2012). "But an unrecorded mortgage is good between the parties thereto, and constitutes a lien which may be enforced as against the mortgagor." *Judkins v. State*, 123 Ark. 28, [33,] 184 S.W. 407, 408 (1916). In other words, a mortgage's legal efficacy as to the original parties is not diminished if the mortgage goes unrecorded. The purpose of recording is simply to give constructive notice to subsequent purchasers. *See* Ark. Code Ann. § 14-15-404(a); *Neas v. Whitener–London Realty Co.*, 119 Ark. 301, 178 S.W. 390, 391 (1915).

*Brown v. Mortg. Elec. Registration System, Inc.*, 903 F. Supp. 2d 723, 727 (W.D. Ark. 2012), *aff'd*, 738 F.3d 926 (8th Cir. 2013). Because CitiMortgage presented evidence in the form of the Linnenbrink affidavit that it was in possession of the note, it was incumbent on the Andersons to meet proof with proof in order to create a genuine issue of material fact. *See Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 381 S.W.3d 21. They did not do so. Therefore, the circuit court correctly granted summary judgment in favor of CitiMortgage on the Andersons' claim to void any interest CitiMortgage might have in the mortgage and note.

We address the Andersons' subpoints on their fraud and Arkansas Deceptive Trade Practices Act claims together because they rely on the same basic allegations. The factual predicates for these arguments fail. One claim was that CitiMortgage continued to assess late charges and other fees despite the existence of the December 2009 repayment plan. However, the documents the Andersons rely on expressly state that late charges and other fees would continue to accrue until the account was brought current.

The Andersons argue that CitiMortgage induced them to leave the protection of the

bankruptcy court in return for a promised modification of their mortgage loan and then failed to grant a loan modification. However, the Andersons did not voluntarily leave their bankruptcy case; instead, it was dismissed upon motion of the bankruptcy trustee. That motion explained that the Andersons were in material default with respect to the terms of the confirmed plan, which limited the duration of the plan to a total of sixty months, because they were not making sufficient payments for the plan to be paid within that time. After the Andersons failed to appear at the hearing on the trustee's motion, the bankruptcy court entered its order dismissing the bankruptcy case. It was the Andersons' failure to comply with the terms of the bankruptcy plan, not any alleged misrepresentations by CitiMortgage, that resulted in the dismissal of their bankruptcy case. Moreover, the Andersons admitted during discovery that they did not tender the $13,000 allegedly required in order to obtain a modification of their loan.

If a plaintiff responding to a motion for summary judgment cannot present proof of an essential element of the claim, the moving party is entitled to summary judgment as a matter of law. *Quattlebaum v. McCarver*, 2013 Ark. App. 376; *Lancaster v. Red Robin Int'l, Inc.*, 2011 Ark. App. 706, 386 S.W.3d 662. Here, the circuit court correctly granted summary judgment on the fraud and Arkansas Deceptive Trade Practices Act claims.

The Andersons' fourth subpoint is that the circuit court erred in granting summary judgment on their breach-of-contract claim. The basis for this claim is the Andersons' contention that they and CitiMortgage entered into the December 2009 repayment plan in order to reinstate their mortgage and pay off the balance. They alleged that they complied

with the terms of this agreement by making timely payments in January, February, and March 2010. They further alleged that CitiMortgage refused to accept continued payments in April and May 2010.

The repayment-plan document creates no such obligation on the part of CitiMortgage to modify the Andersons' loan. At the time of the repayment plan, the Andersons were approximately $40,000 in arrears on their mortgage. The plan itself shows that it was only for the January to March period, with payments of $1,400 per month. The document also provides that, during the plan, the terms of the note and mortgage "shall remain in full force and effect."[3] The plan does not alter the fact that the Andersons were not entitled to have the mortgage reinstated until they cured the default by paying the entire amount of the past-due payments, late fees, and costs and expenses, including attorney's fees. *See* Ark. Code Ann. § 18-50-114(a) (Repl. 2003); *Lambert v. Firstar Bank, N.A.*, 83 Ark. App. 259, 127 S.W.3d 523 (2003). Moreover, the Andersons acknowledged in their response to the motion for summary judgment that the December 2009 plan was actually a temporary measure while CitiMortgage considered whether to modify the loan.

The Andersons also assert that the circuit court erred in granting summary judgment on their breach-of-fiduciary-duty claim. The Eighth Circuit Court of Appeals has recently held that a similar claim was nothing more than a variation of the show-me-the-note argument. *Kraus v. CitiMortgage, Inc.*, 513 Fed. App'x 624, 625–26 (8th Cir. 2013). As such,

---

[3]This contradicts the statements in Tama Anderson's affidavit that the letter she received contained no such statement. However, the document was attached as an exhibit to the Andersons' complaint.

there is no reversible error for the reasons discussed above under the Andersons' first subpoint.

As their final subpoint, the Andersons argue that an issue of fact exists as to whether they are entitled to an equitable accounting. It appears that CitiMortgage gave the Andersons exactly what they wanted. John Linnenbrink's affidavit in support of CitiMortgage's motion for summary judgment stated that, as of January 2011, all payments that had been received were reflected in the attached accounting. The Andersons did not dispute Linnenbrink's affidavit but asserted that "these are not current accountings of Plaintiffs' mortgage and do not provide explanations for several of the fees. It is impossible for Plaintiffs to determine what CitiMortgage claims they owe on their mortgage absent a detailed accounting." Although the Andersons requested more time to obtain discovery at the summary-judgment hearing, they did not comply with Ark. R. Civ. P. 56(f) by filing an affidavit stating that they were unable to present evidence in opposition to the motion for summary judgment. *See Killian v. Gibson*, 2012 Ark. App. 299, 423 S.W.3d 98. There is no basis for reversal on this issue.

For their second point on appeal, the Andersons contend that the circuit court erred in denying their request for specific findings of fact and conclusions of law. After the court's order granting summary judgment was entered, the Andersons filed a motion pursuant to Rule 52 of the Arkansas Rules of Civil Procedure requesting the court to amend the finding that it made and to make specific findings of fact and conclusions of law on eleven issues constituting the grounds of its decision. They requested that the court answer their questions

so that they could have guidance in knowing what potential claims they may have against

CitiMortgage. The circuit court failed to act on the motion, and it was deemed denied.

This court has recently rejected such an argument, stating:

> First, the court's ruling dismissing this case was made pursuant to Ark. R. Civ. P. 56 (2011). A court grants a motion for summary judgment when it determines that there are no genuine issues of material fact to be litigated and, therefore, that the party is entitled to judgment as a matter of law. By definition, the action was never "tried upon the facts" to either a jury or the court. The object of a summary judgment proceeding is not to try the issues, but to determine if there are any issues to be tried. Thus, Rule 52 is inapplicable to a court's decision pursuant to Rule 56. Furthermore, Rule 52 specifically provides that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under these rules." Appellant argues that, notwithstanding this language, the better practice would be for the court to explain its decisions. Perhaps. But this court has no authority to rewrite Rule 52; accordingly, we affirm the court's denial of his motion.

*Summers v. Byrd*, 2012 Ark. App. 171, at 9, 392 S.W.3d 374, 378–79 (alteration in original)

(citations omitted). Moreover, a party is not entitled to a direct answer on every specific

requested finding if the circuit court's findings adequately address the issues. *Lawson v. Sipple*,

319 Ark. 543, 893 S.W.2d 757 (1995).

Affirmed.

WYNNE and BROWN, JJ., agree.

*Owings Law Firm*, by: *Steven A. Owings* and *Alexander P. Owings*, for appellants.

*Wilson & Associates, PLLC*, by: *Samuel S. High*, for appellee.