N. MARK KLAPPENBACH, Judge
Terry Presley applied for a conditional-use permit to operate a wedding and event center on property he owns in Washington County. The permit was denied by the Washington County Quorum Court. Presley appealed to the Washington County Circuit Court, which granted summary judgment to Presley. Washington County, its quorum court, and its county judge now appeal. We affirm.
Presley filed his application for a conditional-use permit in August 2016 and thereafter worked with the Washington County Planning Office to meet the requirements for such a permit as outlined in the Washington County Code. Although the property was zoned for residential and agricultural uses, the Washington County Planning Board and Zoning Board of Adjustments (the board) may authorize other uses upon a finding of the following:
(1) That a written application has been filed with the Planning Office and the appropriate fee has been paid.
(2) That the applicant has provided proof that each property owner as set out in section 11-204 has been notified by return receipt mail.
(3) That adequate utilities, roads, drainage and other public services are available and adequate or will be made available and adequate if the use is granted.
(4) That the proposed use is compatible with the surrounding area.
(5) That the establishment, maintenance, or operation of the conditional use will not be detrimental to or endanger the public health, safety, morals, comfort or general welfare.
(6) That the conditional use will not be injurious to the use and enjoyment of other property in the surrounding area for the purposes already permitted, nor substantially diminish and impair property values within the surrounding area.
(7) That the establishment of the conditional use will not impede the normal and orderly development and improvement of the surrounding area for uses permitted in the zone.
Washington County, Ark., Code § 11-200(a) (2017). Although some neighbors opposed the permit, the board eventually approved it with conditions in November *565 2016. The neighbors then appealed to the quorum court.
At the quorum court meeting, Washington County planner Nathan Crouch spoke about the project and concerns that had been addressed with different county officials. Crouch said that the planning staff recommended approval of the permit with conditions. Following Crouch's presentation, Presley and his sister, who planned to operate the event center with him, answered questions from the quorum court members. Neighbors then spoke in opposition to the permit. Finally, members of the court explained their decisions, cited factors from the code, and voted 11-1 to deny the permit.
Presley appealed to the Washington County Circuit Court as allowed by Arkansas Code Annotated section 14-17-211 (Repl. 2013). He subsequently moved for summary judgment, arguing that the required factors had been proved and there was no genuine issue of material fact. He attached the affidavits of both Crouch and Juliet Richey, the county's director of planning through November 2016. Appellants responded to the motion, arguing that the quorum court, not the planning staff or the board, had the ultimate authority to approve or deny a permit request. The circuit court granted summary judgment to Presley upon finding that the evidence was uncontroverted and that appellants had failed to meet proof with proof. The court found that the planning staff had determined that the application was compliant with the relevant criteria and that their affidavits were unrefuted. The court directed the county to issue the permit to Presley.
The standard of review in reviewing a grant of summary judgment is well established:
Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable men might reach different conclusions from those undisputed facts.
Benton Cty. v. Overland Dev. Co. , 371 Ark. 559, 564, 268 S.W.3d 885, 888-89 (2007) (quoting Heinemann v. Hallum , 365 Ark. 600, 603-04, 232 S.W.3d 420, 422-23 (2006) (citations omitted) ).
Appellants argue that genuine issues of material fact exist based on the "highly controverted" evidence. They point to the numerous concerns voiced by neighbors who opposed the permit and the code criteria cited by quorum court members who voted to deny the permit. Appellants contend that it was unnecessary to file counteraffidavits in response to the motion for summary judgment because the pleadings filed with the circuit court included the entire record of the proceedings before the planning board and the quorum court, which plainly reveals genuine issues of fact regarding whether the code criteria were met. Appellants also claim that Presley's *566 offered proof was inconsistent because an opinion regarding compatibility contained in Crouch's affidavit was absent from Richey's affidavit.
Appellants correctly note that even when a party fails to respond to a motion for summary judgment or fails to present proof showing a genuine issue of material fact, summary judgment may not be warranted. When the proof supporting a motion for summary judgment is insufficient, there is no duty on the part of the opposing party to meet proof with proof. Inge v. Walker , 70 Ark. App. 114, 15 S.W.3d 348 (2000). In Inge , we held that the motion for summary judgment itself presented a material question of fact because a statement in the appellee's answer to an interrogatory attached as an exhibit to his motion was contradicted by a statement in his answer to the complaint. In Buie v. Certain Underwriters at Lloyds of London , 79 Ark. App. 344, 87 S.W.3d 832 (2002), excerpts from depositions attached to the moving party's motion for summary judgment presented irreconcilable factual circumstances and demonstrated a material question of fact.
Appellants contend that, as in Inge and Buie , Presley's motion for summary judgment itself, along with the other pleadings on file, presented genuine questions of material fact. The cases relied on by appellants, however, are distinguishable because they involved proof properly before the circuit court for consideration in summary-judgment proceedings. Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law on the issues specifically set forth in the motion." Ark. R. Civ. P. 56(c)(2). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Ark. R. Civ. P. 56(e). Here, neither the concerns voiced by the neighbors in writing and at the quorum court meeting nor the members' stated reasons for voting to deny the permit were submitted under oath or in the form of an affidavit. See Am. Gamebird Research Educ. & Dev. Found., Inc. v. Burton , 2017 Ark. App. 297, 521 S.W.3d 176 (reversing summary judgment because circuit court improperly considered letter that was not under oath). While Rule 56 also allows consideration of the pleadings, appellants have not pointed to any statement contained in a pleading, as defined by Rule 7(a) of the Arkansas Rules of Civil Procedure.
Presley presented proof in the form of Crouch's affidavit that all the criteria had been met for the conditional-use permit to be approved. Appellants presented no proof to rebut this proof in their response to the motion for summary judgment, and they point to no other proof that was properly before the circuit court for consideration pursuant to Rule 56. We are not persuaded that the fact that statements made in Crouch's affidavit are absent from Richey's affidavit makes Presley's proof contradictory. For these reasons, we affirm the order of the circuit court.
Affirmed.
Harrison and Glover, JJ., agree.