Joe C. BRYAN et ux *v.*
EASTON TIRE COMPANY et al

77-146                                             561 S.W. 2d 79

Opinion delivered February 6, 1978
(In Banc)

*Robert W. McCorkindale, II*, of *Walker, Campbell, McCorkindale & Young*, for appellants.

*Jerry D. Pinson*, of *Pinson & Reeves*, for appellees.

DARRELL HICKMAN, Justice. The Boone County Circuit Court held that a writ of garnishment was a superior claim to a prior unrecorded assignment of a second mortgage.

We find the trial court's decision correct although its reasoning incorrect. The note, which was secured by the second mortgage, was not assigned, or at least there was no evidence of an assignment. Therefore, the garnishment took priority over an assignment only of a mortgage without the accompanying note. The note and the mortgage are inseparable. An assignment of the note carries the mortgage, while an assignment of a mortgage alone is a nullity. *Rockford Trust Company* v. *Purtell*, 183 Ark. 918, 39 S.W. 2d 733 (1931).

The facts are essentially undisputed. The appellee, Easton Tire Company, obtained a judgment against George Nooner for $30,000 in June of 1976. In July, 1976, in an unrelated transaction, Nooner assigned his interest in a second mortgage on Saline County property to the appellants, Joe C. Bryan and his wife. Nooner had bought some Missouri property from Bryan and still owed him for it, and the second mortgage was assigned as additional collateral. The second mortgage was security for a $15,000 debt Spa City Sodding Service, Inc. owed to George Nooner. After the assignment in August of 1976, Easton Tire Company issued a writ of garnishment against Spa City. No answer was filed and judgment was taken against Spa City in September of 1976.

The appellants filed a petition to intervene claiming, by virtue of the assignment of the mortgage, the money Spa City owed to Nooner.

The trial court decided that the garnishment was entitled to precedence because the assignment was not recorded

and dismissed the petition to intervene.

Recording was irrelevant. An assignment does not have to be recorded to be valid against later claims against the assignor. *Neal* v. *Bradley,* 238 Ark. 714, 384 S.W. 2d 238 (1964). Our statutes do not require assignments to be recorded. See Ark. Stat. Ann. §§ 16-114, 16-116 (Repl. 1968); and, § 51-1019 (Repl. 1971).

Apparently it was not the intention of Nooner and the appellants for the debt from Spa City to be assigned. The assignment gave Nooner a ninety day grace period in which to institute foreclosure proceedings on the second mortgage. Mr. Bryan testified that he and Nooner agreed that Nooner would continue to collect the money from Spa City because it was accustomed to paying him and Nooner would, in turn, pay Bryan.

The trial judge dismissed the appellants' petition and we will affirm this correct ruling although it was for an erroneous reason. *Herr* v. *Murphree,* 240 Ark. 834, 402 S.W. 2d 393 (1966). The appellants argue that the question of the note's assignment was not raised at the trial and cannot be raised for the first time on appeal. The appellants' petition was controverted from the beginning. There was not a stipulation of facts. The record shows no waiver by the appellee of any requirement that the appellants prove their case. The appellants had to prove a valid assignment of a debt to maintain their petition to intervene. There was simply no evidence of an assignment of the debt.

Affirmed.