Mayme BROWN, individually and in her official capacity as circuit clerk of Hot Spring County, Arkansas, and on behalf of all circuit clerks in the State of Arkansas, Plaintiffs

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., et al., Defendants.

Case No. 6:11–CV–06070.

United States District Court, W.D. Arkansas, Hot Springs Division.

Sept. 17, 2012.

Bryan Russell Huffman, Donald Spears, Spears Huffman PLLC, Luther O'Neal Sutter, Harrill & Sutter, P.L.L.C., Benton, AR, for Plaintiffs.

Andrew B. Boese, Marisa Fortunati, Robert M. Brochin, Morgan Lewis Bockius LLP, Miami, FL, David M. Donovan, Watts, Donovan & Tilley, P.A., Kimberly W. Tucker, Justin Taylor Allen, Wright, Lindsey & Jennings LLP, Little Rock, AR, Joseph F. Yenouskas, Thomas M. Hefferon, Goodwin Procter LLP, Washington, DC, for Defendants.

## ORDER

SUSAN O. HICKEY, District Judge.

Before the Court is a motion to dismiss filed by various Defendants.[1] (ECF No. 103). Plaintiff has responded (ECF No. 129). The matter is ripe for the Court's consideration. For the following reasons, the motion will be granted.[2]

---

1. Those Defendants are: Bank of America, N.A.; Countrywide Homes Loans, Inc.; Wells Fargo, N.A.; Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc.; National City Bank; National City Mortgage; National City Corp.; PNC Financial Services Group, Inc.; CitiMortgage Inc. and CitiFinancial Mortgage Company, Inc.; J.P. Morgan Chase Bank, N.A.; HSBC Mortgage Services, Inc.; NovaStar Mortgage, Inc.; and Bank of England. Defendant Deutsche Bank National Trust Company has joined the motion to dismiss. (ECF No. 118).

2. After Defendants filed the pending motion to dismiss, Plaintiff twice amended her complaint. (ECF Nos. 128 & 135). Those amended complaints merely dropped certain parties and corrected the name of a party. They did not change the claims Plaintiff makes against the remaining Defendants. Therefore, Defendants' pending motion to dismiss applies with equal force to Plaintiff's amended complaints.

## BACKGROUND

Plaintiff is the Circuit Clerk of Hot Spring County. She filed this suit in that capacity on behalf of herself and all other Arkansas Circuit Clerks. She also sued in her individual capacity. She alleges that Defendants have used the Mortgage Electronic Registration System ("MERS") to deprive Arkansas counties of recording fees. She contends that doing so violated the Arkansas Deceptive Trade Practices Act ("ADTPA"), unjustly enriched Defendants, and constituted an illegal exaction under Article 16, § 13 of the Arkansas Constitution. She brought this suit on August 15, 2011 in Hot Spring County Circuit Court, and Defendants removed it to this Court on September 14, 2011. Plaintiff's illegal-exaction claim gives the Court jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) (2006), because it puts Plaintiff's damages potentially above $5 million, and her class size potentially above 100 members. (ECF No. 88).

MERS is a program developed in the early 1990s to streamline the process of transferring mortgages. When a buyer takes out a loan to buy real estate, he or she ordinarily secures the debt by giving a mortgage to the lender. The lender then records that mortgage with the county to preserve the priority of its debt security against later purchasers or lien holders. When a lender sells its right to payment, however, the new debt holder must rerecord the mortgage to keep its priority.

MERS streamlines that process. Under MERS, when a member lender records a mortgage, it designates MERS as the beneficiary of the mortgage, even though the lender still holds the note. That way, when the lender transfers the note to another entity, the mortgage designee does not change, and so no rerecording is required. MERS thus saves time and money for lenders, especially ones in markets such as the secondary-mortgage market where mortgage debt is frequently bought and sold.

The essential point of Plaintiff's claims is that Defendants are using MERS to deprive Arkansas counties of recording fees Defendants should be paying but are avoiding through MERS. Plaintiff contends that Defendants have a duty to record mortgages and to record them truthfully. She argues that Defendants' first recordings are untruthful because MERS cannot legally serve as beneficiary for Defendants' mortgages. She argues that Defendants then use those untruthful first recordings to avoid their duty to record subsequent mortgage transfers. Defendants deny that they have a duty to record mortgages at all, and also that they have a duty to record truthfully.

## STANDARD OF REVIEW

The Court should grant a motion to dismiss if the plaintiff fails to state a claim upon which relief may be granted. Fed. R.Civ.P. 12(b)(6). The Federal Rules of Civil Procedure require a complaint to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). When considering a motion to dismiss, the Court assumes that all the facts in the complaint are true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). The Court is free, however, to ignore "sweeping legal conclusions" and "unwarranted inferences." *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir.2002). The Court may consider the complaint's legal sufficiency, but not the weight of the evidence supporting it. *Id.*

The Court should not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must "nudge their claims across the line from conceivable to plausible." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

## DISCUSSION

As noted above, Plaintiff's claims rest on two alleged duties: (1) a duty to record every mortgage transfer; and (2) a duty to record every mortgage transfer truthfully. Defendants ask the Court to dismiss Plaintiffs' complaint because Arkansas imposes no duty to record, and therefore no duty to record truthfully. The Court will address each of those alleged duties after addressing Plaintiff's illegal-exaction claim separately.

### I. Illegal-exaction claim

Plaintiff's complaint alleges that Defendants violated Article 16, § 13 of the Arkansas Constitution. That part of Arkansas's constitution states that "[a]ny citizen of any county, city or town may institute suit, in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever." Ark. Const. art. XIII, § 13.

Plaintiff asks the Court to dismiss her illegal-exaction claim without prejudice because she is in bankruptcy and does not plan to pursue the claim. She suggests that her bankruptcy trustee might, however-

er, want to pursue the claim in the future. Defendants ask the Court to dismiss the illegal-exaction claim with prejudice, because it fails to state a claim upon which relief may be granted.

The Court sees no compelling reason to dismiss the illegal-exaction claim without prejudice—as opposed to with prejudice—or to stay the claim because of the bankruptcy. The Court cannot grant relief on that claim no matter who brings it, because Plaintiff's illegal-exaction theory does not comport with the cause of action itself.

■ An illegal-exaction claim is properly brought by a *citizen* to protect *against* the enforcement of any illegal exaction. Ark. Const. art. XIII, § 13. Such a claim "is brought for the benefit of all the taxpayers." *McGhee v. Ark. Bd. of Collection Agencies*, 360 Ark. 363, 367, 201 S.W.3d 375, 377 (Ark.2005). "What is at issue in an illegal-exaction case is whether the governmental entity violated Article 16, Section 13." *Worth v. City of Rogers*, 351 Ark. 183, 191, 89 S.W.3d 875, 880 (Ark. 2002).

■ Plaintiff is not a *taxpayer* suing because the *government* made an illegal exaction—she is a *taxreceiver* suing because a private entity made an allegedly illegal withholding. Plaintiff's illegal-exaction claim thus fails regardless of which of her successors brings the claim. It should therefore be dismissed with prejudice.[3]

### II. ADTPA and unjust-enrichment claims

Plaintiff's ADTPA and unjust enrichment claims rest on Defendants' alleged

---

**3.** In Plaintiff's response to Defendants' motion to dismiss, she again presses the point that her illegal-exaction claim is properly heard only in the county court for the county in which the exaction took place, citing *Car-*

*negie Public Library of Eureka Springs v. Carroll County*, 2012 Ark. 128, 2012 WL 1036847 (March 29, 2012) (unpublished). The Court has already addressed that argument, and declines to do so again. (ECF No. 125, at 3).

duty to record, and to record truthfully. If these duties do not exist, then Plaintiff has failed to state any claim upon which relief may be granted and dismissal is appropriate. Plaintiff alleges two sources of a duty to record: (1) Arkansas law; and (2) Defendants' contracts between themselves. Defendants contend that Arkansas law imposes no duty to record mortgages, and that Plaintiff has no standing to enforce Defendants' contracts between themselves. Defendants further contend that, barring a duty to record, there can be no duty to record truthfully.

### a. Arkansas law

■ Arkansas's statutes "do not require assignments to be recorded." *Bryan v. Easton Tire Co.*, 262 Ark. 731, 733, 561 S.W.2d 79, 80 (Ark.1978). The rationale is easily understood. In Arkansas, a recorded mortgage provides constructive notice to subsequent purchasers that the subject property is encumbered by the mortgage. ARK.CODE ANN. § 14–15–404(a) (West 2012). "But an unrecorded mortgage is good between the parties thereto, and constitutes a lien which may be enforced as against the mortgagor." *Judkins v. State*, 123 Ark. 28, 184 S.W. 407, 408 (Ark.1916). In other words, a mortgage's legal efficacy as to the original parties is not diminished if the mortgage goes unrecorded. The purpose of recording is simply to give constructive notice to subsequent purchasers. *See* ARK.CODE ANN. § 14–15–404(a); *Neas v. Whitener–London Realty Co.*, 119 Ark. 301, 178 S.W. 390, 391 (Ark.1915).

Plaintiff cites no case or authority showing that Arkansas requires recording, and the Court knows of none. In fact, existing law is to the contrary. If a mortgagee wishes to gain the protection of the recording statute, he must pay the recording fee and record. If he wishes, on the other hand, to go unrecorded, he may do so; it may be unwise, but it is not against the law.

■ The Court thus finds that, under Arkansas law, there is no duty to record a mortgage.

### b. Defendants' contracts

Plaintiff also argues that Defendants have imposed upon themselves by contract a duty to record a mortgage when the underlying loan debt is sold to a non-MERS purchaser—in other words, when a mortgage leaves the MERS member pool. Plaintiff claims the right to enforce that contract—and hence, the recording duty it imposes—as a third-party beneficiary to it.

■ The presumption in Arkansas "is that parties contract only for themselves," and thus courts will not construe a contract as being for the benefit of a third party "unless it clearly appears that such was the intention of the parties." *Elsner v. Farmers Ins. Group*, 364 Ark. 393, 395, 220 S.W.3d 633, 635 (Ark.2005) (citing *Little Rock Wastewater Util. v. Larry Moyer Trucking, Inc.*, 321 Ark. 303, 306–07, 902 S.W.2d 760, 763 (Ark.1995)). For a third party to take action on a contract, there must be "substantial evidence of a clear intention to benefit" that party. *Id.* (citing *Little Rock Wastewater Util.*, 321 Ark. at 307, 902 S.W.2d at 763).

■ Plaintiff supports her third-party-beneficiary argument with bare allegations of being such a beneficiary. She has not shown substantial evidence that Defendants clearly intended to benefit her when they contracted. To the contrary, if Defendants contracted in the first place to avoid recording fees, it seems unlikely that they would contract to require recording in narrow circumstances to benefit circuit clerks. The Court thus finds that Plaintiff is not a third-party beneficiary of Defendants' contracts, and may not enforce any recording duty contained in them.

### c. Truthful disclosure

■ Defendants argue that if they have no duty to record their mortgages, then they have no duty to record them truthfully.[4] As the Court noted above, Defendants record—or not—for their own benefit. If they record, they obtain notice; if they do not, they forego notice.[5] Because they record for their own benefit, Defendants bear any harm caused by untruthful recording. In *Dempsey v. Merchants Nat'l Bank*, 292 Ark. 207, 215, 729 S.W.2d 150, 154 (Ark.1987), for example, "[t]he bank made a mistake when it filed its mortgage. It was filed on the wrong land....The materialmen made no mistake and had a right to rely on the record. Between the parties, the bank must suffer the consequences of its error."

■ The effect of an accidental recording error and an untruthful recording is the same: both fail to give effective notice. Under either circumstance, Defendants, and they alone, bear the consequences of inaccurate recording. Moreover, even if untruthful recording causes a specific harm to third-parties rather than to the false recorder itself, Plaintiff has not shown that she has suffered that specific harm, and so she lacks standing to sue on that theory. *Brouhard v. Lee*, 125 F.3d 656, 661 (8th Cir.1997) ("To establish standing, a party must, at a minimum, have suffered an 'injury-in-fact,' fairly traceable to the defendant's conduct, which is likely to be redressed by a favorable decision." (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992))).

The Court thus finds that Defendants have no legal obligation to record truthfully that is enforceable by Plaintiff.

### CONCLUSION

Plaintiff has failed to state any claim on which relief may be granted. Fed.R.Civ.P. 12(b)(6). Because they had no duty to record their mortgages, Defendants have not deprived Plaintiff or her proposed class of anything to which they are entitled. Accordingly, Defendants' Joint Motion to Dismiss (ECF No. 103) should be and hereby is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. The motions pending at ECF Nos. 14, 21, 105, 107 & 118 are **DENIED AS MOOT**.

### *ORDER*

Before the Court is Plaintiff's Motion to Alter or Amend. (ECF No. 146). The matter is ripe for the Court's consideration. For the following reasons, the motion will be denied.

■ Plaintiff asks the Court to alter its judgment pursuant to Fed.R.Civ.P. 59. "A district court has broad discretion in determining whether to grant a ... motion to alter or amend judgment...." *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates*, 141 F.3d 1284, 1286 (8th Cir.1998) (internal quotations omitted). The motion gives the Court a way to correct manifest legal or factual errors and to consider newly discovered evidence. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988), *cert. denied*, 488 U.S. 820, 109 S.Ct. 63, 102 L.Ed.2d 40 (1988). The motion "cannot be used to

---

**4.** Defendants maintain that they *did* record truthfully, but the Court does not reach that issue.

**5.** The Court realizes that MERS is in part designed to *maintain* the notice protection of

recording. For purposes of determining whether Defendants had a duty to record and to record truthfully, however, the Court focuses merely on Plaintiff's contention that Defendants did not record.

raise arguments which could have been raised prior to the issuance of judgment." *Id.*

Plaintiff's motion implicates none of the legitimate Rule 59(e) justifications; her motion merely expresses her disagreement with the Court's decision to retain jurisdiction over and dismiss her state-law claims along with her federal claim. She argues that the Court should not have retained jurisdiction over her state-law claims because, under 28 U.S.C. § 1367(c)(1), those claims "raise[ ] novel or complex issue[s] of State law." The Court disagrees.

First, declination under 28 U.S.C. § 1367(c) is plainly discretionary. "The district courts," says the rule, "*may* decline to exercise" jurisdiction. 28 U.S.C. § 1367(c) (emphasis added). Second, Plaintiff's present expression of her disagreement with the Court's decision not to jettison her state-law claims merely restates the arguments she made in her motion to dismiss—arguments that the Court rejected. (ECF No. 125) (dealing with and rejecting multiple abstention and comity arguments). Finally, although Plaintiff's arguments may be, in the plain sense of the term, "novel,"[1] they are not serious, nor are they complex. Novelty alone is not the test.

In short, all of Plaintiff's claims were sufficiently related to meet § 1367's supplemental-jurisdiction standard. Plaintiff's repetitious arguments against the Court's decision to hear all of her claims are unavailing. Accordingly, Plaintiff's Motion to Alter or Amend (ECF No. 146) should be and hereby is **DENIED.**

---

1. "Something new, not previously experienced, unusual, or unfamiliar." *novelty*, OxFORD ENGLISH DICTIONARY, http://www.oed.com/

view/Entry/128781 (last visited Sept. 19, 2012).